PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* PEDRO
PAGÁN, Defendant and Appellant.

No. 2812.    Argued December 15, 1926.—Decided March 25, 1927.

*A. Porrata Doria* for the appellant. *José E. Figueras* for the
appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the
court.

This case was tried *de novo* in the District Court of Gua-
yama and from its judgment the present appeal was taken to
the Supreme Court.

The complaint reads in part as follows:

"That on the 2nd of February, 1926, in Calimano St. of the city
of Guayama, within the municipal judicial district of Guayama which
forms part of the judicial district of Guayama defendant Pedro Pa-
gán, who had at that place a grocery store, was using a two-pound
weight which on being tested by the complainant weighed 891 grams.
As the standard pound has 453 grams, the said two-pound weight
is 15 grams short, which is above the largest tolerance established
by the Secretary of Porto Rico for weights of the same kind as the
weight referred to in the complaint."

The evidence consisted of the testimony of witnesses, the
violated regulation and the weight seized. Defendant was
sentenced to pay a fine of fifteen dollars.

Appellant assigns in his brief the following errors:

"First, in overruling the demurrer to the complaint for lack of
sufficient facts to constitute a cause of action.

"Second, in allowing Julio D. Rivera, insular inspector of weights and measures, to testify on the tolerance permitted by the regulations because this particular was not alleged in the complaint.

"Third, in admitting in evidence a book alleged to contain regulations issued by the Secretary of Porto Rico without specifying to which regulation it referred and because the book and the regulations contained therein were not certified and authenticated.

"Fourth, in erroneously weighing the evidence."

Appellant cited in support of the first assignment the decision of this court in *People* v. *Mulero,* 32 P.R.R. 827, where it was held:

"A complaint for selling bread of short weight (Act No. 25 of 1921) does not state a crime if the tolerance authorized by law is not alleged therein, for in the absence of such an allegation the court can not know whether the bread weighed less than the minimum weight allowed and can not take judicial notice of such allowance, as held in *People* v. *Garau,* 29 P.R.R. 970."

The decision in the case of *People* v. *G. Garau & Co.* was that:

"Neither the district courts nor the Supreme Court can take judicial notice of the regulations issued by the Chief of the Bureau of Weights and Measures by virtue of the power conferred upon him by the Legislature in Act No. 13 of 1917."

The complaint in the *Mulero Case* only alleged that the loaf of bread was 45 grams short and the court in its opinion said:

"Of greater weight is the argument that, as the law allows a certain tolerance for short weight in bread, it is not sufficient to allege that the loaf was a certain number of grams short, because if the shortage is within the tolerance then there is no offense."

In the present case, although the complaint did not state the amount of the tolerance, it was alleged therein that the difference was greater than the tolerance established by the Executive Secretary and in that way, though imperfectly, there was compliance with the law and the jurisprudence.

If it be taken into account that this case originated and

was tried in a municipal court, we consider that the error is not such as to call for a reversal of the judgment. It can not be held under the circumstances that the defendant was not sufficiently informed at the trial or that the complaint failed to charge the commission of a public offense.

As regards the second assignment it is enough to say that at the trial there was compliance with the holding in *People* v. *Garau, supra,* it being shown there the amount of the tolerance and that the difference in weight was greater. The allegation of the complaint was sufficient in order to admit the evidence.

We are not in a position to determine whether or not the third assignment has merit. The following is the only thing in that connection contained in the record:

"The prosecution submits to the court said book, stating: 'We submit in evidence to the court the regulations issued by the Executive Secretary of Porto Rico who is in charge of the Bureau of Weights and Measures for the purpose of showing that the shortage in the weight taken from defendant was greater than the tolerance allowed.'

"Counsel for the defendant objects, stating: 'We object because that book is not duly certified.'

"Judge: The regulation?—Attorney Porrata: Yes, Sir.

"Prosecution: There is a certification there similar to that in the books of the Supreme Court.

"Judge: The objection is overruled.—Attorney Porrata: I take an exception on the ground that the regulations sought to be introduced in evidence are not duly certified to by the Executive Secretary of Porto Rico, nor are they otherwise certified."

The regulation is not included in the transcript. We do not know the form of that certificate.

We have examined the evidence and in our judgment it is sufficient. It shows that the weight was found in the store of the defendant and, after being tested, turned out to be fifteen grams short, while the tolerance allowed was 750 milligrams, or two-thirds of one gram for a two-pound weight like the one in question. The testimony of the son and the

clerk of defendant as to the weight found not being in use was not given any credence by the court and there is nothing to show that it erred therein.

The judgment appealed from must be affirmed.